UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL HARVEY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-829-JD-MGG |
| STATE OF INDIANA, et al., | |
| Defendants. | |

OPINION AND ORDER

Michael Harvey, a prisoner without a lawyer, was ordered to show cause by April 8, 2022, why the initial partial filing fee assessed by the court has not been paid. (ECF 12.) Upon review of his response (ECF 14), the court will proceed to screen the complaint. Mr. Harvey is reminded that he remains obligated to pay the full filing fee over time in accordance with 28 U.S.C. § 1915(b)(2).

Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Harvey is proceeding without

counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Harvey alleges that Mr. Price (first name unknown), a case worker in the "P" dormitory at Miami Correctional Facility ("Miami"), failed to protect him from being injured during a fight with his cellmate occurring on September 5, 2021.[1] He alleges that in the days leading up to the fight, he put in multiple requests for a "bed move" because, in his words, he and his cellmate were "not . . . compatible with one another." He claims he reported that "the tension" between them "was real and proximate," and that there was "danger brewing." He claims his case worker responded that no bed moves could be made until a lockdown at the prison ended. The two remained together, and on September 5, they got into a fight for reasons he does not explain. He claims his cellmate stabbed him and hit him with a hotpot. Mr. Harvey asserts that his "flight or fight reasoning kicked in" and he stabbed his cellmate several times, resulting in his cellmate's death. He asserts that had his case worker "granted the simple request for an honorable bed move," he would not have been injured and his cellmate would still be alive. He seeks $10 million dollars in damages, among other relief.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many

---

[1] The docket reflects that Mr. Harvey has since been transferred to Westville Correctional Facility. (ECF 10.)

prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). As the Seventh Circuit has explained:

> To establish deliberate indifference on the part of the defendants sued individually, [plaintiff] needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger. [Plaintiff] testified during his deposition that he told officers twice . . . that he was afraid for his life and he wanted to be transferred off the tier. . . . This lack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (internal citations and footnote omitted).

Giving Mr. Harvey the inferences to which he is entitled at this stage, he has plausibly alleged that his case worker was aware of a specific threat to his safety from a specific inmate, but did not take any steps to abate the danger. As a result, Mr. Harvey was stabbed and suffered other injuries.[2] Further factual development may show that the case worker did not act unreasonably in light of the information conveyed to him,

---

[2] To the extent Mr. Harvey is trying to recover on behalf of his cellmate, he has no standing to do so. *Massey v. Helman*, 196 F.3d 727, 739–40 (7th Cir. 1999) ("a litigant must assert his own legal rights and cannot assert the legal rights of a third party").

3

but Mr. Harvey has alleged enough to proceed past the pleading stage against this defendant.

He also lists the "State of Indiana" as a defendant in the caption, but the state is not a "person" that can be sued for constitutional violations under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Likewise, any claim for damages against the state would be barred by the Eleventh Amendment. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019).

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Mr. Price in his personal capacity on a claim for monetary damages for failing to protect him from being attacked by his cellmate on September 5, 2021, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES the State of Indiana as a defendant;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Mr. Price (identified as "caseworker on P dorm" at Miami Correctional Facility) at the Indiana Department of Correction and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available;

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Mr. Price to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 13, 2022

/s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT